BARTON and others vs. BABCOCK, impleaded, etc.

(1.) CONVEYANCES. *Effect of, when there is a person and but one, to whom the full description of the grantee applies.*

(2.) EVIDENCE. *When parol evidence inadmissible to show, as against a third person, that a different grantee was intended from the one fully described in the deed.*

1. Where there is a person in existence, and only one, who fully and accurately answers to the description of the devisee, grantee or patentee in a will, deed or patent of land, the court cannot reject a portion of the description in order to substitute another person to whom a part thereof will not apply.

2. Where a patent of land was granted to " O. P., of Dodge county, Wis.," and it appears that plaintiff's mortgagor, O. P., was a resident of said county (and in actual possession of the land at the date of the patent, and at the date of the mortgage), and defendant claims under a deed, later than the mortgage, from one O. P. (father of the former), who had always resided in New York; *Held,* in an action to foreclose the mortgage, that there was no ambiguity in the patent, and parol evidence was inadmissible, on the part of defendant, to show that the land was entered by O. P., the father, and that he was the real owner when plaintiff's mortgage was executed.

APPEAL from the Circuit Court for *Dodge* County.

Action to foreclose a mortgage executed by the defendants *Oliver Pettibone and wife*, in 1853, to the La Crosse and Milwaukee Railroad Company, upon three certain tracts of land in Dodge county. The action was brought by the plaintiffs as executors of David L. Barton, deceased, to whom the note and mortgage had been lawfully assigned, before maturity, for a valuable consideration.

None of the defendants answered except *Babcock*. His answer alleges that one Oliver Pettibone, a different person from the defendant of the same name, purchased from the United States one of the tracts of land, to-wit, the east half, southwest quarter, section 23, town 11 north, range 14 east, covered by this mortgage, and described in the complaint, on the 21st of July, 1845, and became thereby the owner in fee simple, and so remained until, on the 9th day of April, 1866, he conveyed this tract, his wife joining in the conveyance, for a valuable consideration, to the defendant answering, who since that date has been seized in fee and in possession; that the defendant *Oliver Pettibone* was not at the time of making the mortgage, or at any time, the owner or seized in fee simple of the tract; and that the title of the defendant answering is not subject to the lien of the mortgage.

The plaintiffs, after putting in the proof usual in a foreclosure action, introduced in evidence a certified copy of a patent from the United States, of the tract claimed by *Babcock*. The patent is dated May 10, 1848, and describes the grantee as "Oliver Pettibone, of Dodge county, Wisconsin." They introduced, also, a certified copy of a patent, dated August 1, 1849, of another tract covered by the mortgage, in which the grantee is described in the same way; also deeds from the defendants *Oliver Pettibone and wife* to third parties, of portions of the last named tract, and of the third tract described in the mortgage. In the last mentioned deeds, dated in 1861, and 1862, the grantor adds "Jr." to his signature. The plaintiffs then called Daniel Pettibone, brother of the defendant *Oliver Pettibone*, by whom

they proved that the latter lived on the eighty acre tract claimed by *Babcock*, continuously from about 1844 or 1845 until 1866, when it was sold to *Babcock*. They also proved by him that Oliver Pettibone, the father of the defendant of the same name, and who was alleged in the answer of *Babcock* to be the real owner of the tract, was at no time a resident of this state, but that he resided in Steuben county, state of New York, at the date of the entry and of the patent, and had made occasional visits to Wisconsin. The defendant *Babcock*, in support of his answer, introduced a certified copy of the duplicate of the original entry of the tract claimed by him, dated July 21, 1845, which acknowledged the receipt of $100 from "Oliver Pettibone, Dodge county, Wisconsin territory," as being in full for this tract; also a warranty deed from Oliver Pettibone and wife, of the town of Hornellsville, Steuben county, in the state of New York, in which the latter, for the expressed consideration of $2,500, conveyed this tract to *Babcock*. He also offered in evidence the depositions of Oliver Pettibone, of Hornellsville, N. Y., and of the defendant *Oliver Pettibone*, Jr., of Sumner township, Webster county, Iowa.

The plaintiffs objected to the direct interrogatories in each of these depositions. The court reserved its ruling. The depositions tended to show by parol testimony that the person intended to be named as grantee in the duplicate and patent of the *Babcock* eighty acre tract was Oliver Pettibone of New York, the father of defendant of the same name; and that his son, the defendant *Oliver Pettibone*, was not the owner of the tract in question, but that his father was the owner and seized in fee, when the latter conveyed to *Babcock*. Other parol testimony was introduced, against plaintiffs' objection, to the same effect. The plaintiffs, on cross-examination of the defendants' witnesses, drew out some facts tending to an opposite conclusion, and also introduced rebutting evidence.

The court found as a fact, *inter alia*, that the defendant *Oliver Pettibone* entered the tract claimed by *Babcock*, and was seized

thereof in fee simple, when he made the note and mortgage foreclosed in the action; and it rendered judgment in plaintiffs' favor against all the defendants; from which *Babcock* appealed.

*E. C. Lewis* and *E. P. Smith*, for appellant, contended that there was a latent ambiguity in the description of the grantee in the duplicate, and that this could be explained by matters *dehors* the writing. Place, occupation and residence are not necessary in the description of the grantee, in deeds and other instruments, and such unnecessary additions to names are not binding, and, if erroneous, are treated as *falsa demonstratio*, and evidence is allowed to show the mistake. *Falsa demonstratio non nocet.* 2 Hilliard on Real Estate, 350; *Thompson v. Jones* 4 Wis., 110; *Mecklem v. Blake*, 19 Wis., 398. Between father and son bearing the same christian name, the presumption is, if the name is used in a deed without the addition, "senior" or "junior," that it intends the father; but parol proof may be introduced to show the intention was to convey to the son. *Padgett v. Lawrence*, 10 Paige, 170. So also, calling a party "senior," when "junior" of the same name is intended, or *vice versa*. 1 Wood Convey., 161; Perkins Conv., § 37; see also *People v. Collins*, 7 Johns., 549; *Kincaid v. Howe*, 10 Mass., 203.

*E. Mariner* and *David S. Ordway*, for the respondents, contended that the question of fact was settled by the record; that the land was patented to " Oliver Pettibone of Dodge county, Wis. Ter.," and there is nothing to explain and nothing to construe; for there were not two Oliver Pettibones *of Dodge county, Wisconsin*, and therefore no ambiguity. In the absence of ambiguity, no exposition shall be made which is opposed to the express words of the instrument. Broom's Leg. Maxims, § 477, p. 394; 2 Kent's Comm., p. 747, § 556 and note (d); *Mann v. Mann*, 1 Johns. Ch., 234; *Abeel v. Radcliff*, 13 Johns., 297; *Boardman v. Reed*, 6 Peters, 328 and 345; *Smith v. Smith*, 19 Wis., 620; *Orton v. Harvey*, 23 Wis., 99; *Prentiss v. Brewer*, 17 Wis., 635.

Cole, J.   The single question in this case is, whether the mortgagor, *Oliver Pettibone*, was the owner of the east half of the south-west quarter of section 23, when, in 1853, he mortgaged it to the La Crosse and Milwaukee Railroad Company, or whether it was competent to show by parol evidence that it belonged to his father of the same name.   The contest arises between the plaintiffs, executors of the will of David L. Barton, who was a *bona fide* purchaser of the mortgage for a valuable consideration, without notice of any existing equities against it, and the defendant *Babcock*, who purchased the eighty from the father, knowing that the son had given a mortgage upon it. The mortgage was given by " *Oliver Pettibone and Fanny, his wife*, of the county of Dodge and state of Wisconsin.   The land was patented to " Oliver Pettibone of Dodge county, Wisconsin Territory," in 1848.  The defendant *Babcock* claims that the land was entered in 1845, at the Green Bay land office, by the father of the mortgagor, and that it so remained his property until conveyed to him (*Babcock*) in 1866.   At the time of the entry, *Oliver Pettibone*, the son, resided in Dodge county, Wisconsin territory, and Oliver Pettibone, the father, resided at Hornelsville, Steuben county, New York.   Considerable testimony was introduced on the trial, against the objection of the plaintiffs, tending to show that Oliver Pettibone, the father, entered the land, and owned it when the mortgage was executed.   According to our view, this evidence was clearly inadmissible between these parties.   The record evidence itself showed that the title to this property was in Oliver Pettibone of Dodge county, Wisconsin.   There was but one person of that name living in Dodge county, and so there was no ambiguity in the patent.   There was only one person to whom the entire description in the patent applied.   There is, therefore, nothing to be explained, and there is really no room for construction.

But it is said that the residence of the patentee was no necessary part of the patent; that it should be rejected in determining to what person the patent was issued; and that

the case comes fully within the maxim "*Falsa demonstratio non nocet*"—a false description does not make an instrument inoperative. "*Falsa demonstratio*," says a learned writer, "may be defined to be an erroneous description of a person or thing in a written instrument; and the above rule respecting it may be thus stated and qualified: as soon as there is an adequate and sufficient definition, with convenient certainty, of what is intended to pass by the particular instrument, any subsequent erroneous addition will not vitiate it." Broom's Legal Maxims, p. *490. The author, after quoting and commenting on a remark of Lord KENYON, proceeds to add, that "the characteristic of cases strictly within the rule is this: that the description, so far as it is false, applies to no subject, and, so far as it is true, it applies to one subject only; and the court, in these cases, rejects no words but those *which are shown to have no application to any subject*." Now it is very apparent that, so far as the patent describes the residence of the patentee, it applies fully and accurately to *Oliver Pettibone*, the son, and to him alone. There is, therefore, no ground for saying that this part of the description has no subject to which it can apply.

The rule upon this subject seems to be well stated by Mr. Justice PATTERSON, in *Blundell v. Gladstone*, 1 Phillips' Ch. R., 279–284. In that case there was "a devise to the second son of *Edward* Weld, of Lulworth, and it was held, upon the context of the will, and upon extrinsic evidence as to the state of the Weld family and the degree of the testator's acquaintance with the different members of it, to mean a devise to the second son of *Joseph* Weld, of Lulworth, although there was a person named Edward Joseph Weld (the eldest son of Joseph Weld), who resided with his father at Lulworth, and who usually went by the name of Edward only, and although a former will of the testator, made several years before the will in question, contained a devise to the same Joseph Weld by his right name." And Mr. Justice PATTERSON lays down the rule, which seems to be approved by Mr. Justice MAULE and the Lord Chancel-

lor, as follows: "It was contended for the heirs-at-law, that Edward Joseph Weld fully and accurately answered the whole description of 'Edward Weld, of Lulworth, Esquire,' and, therefore, that the court was not at liberty to substitute any other name upon a conjecture of some mistake; that if, indeed, there had been two persons, each fully and accurately answering the whole description, evidence might be received, or arguments from the language of the will and from circumstances might be adduced, to show to which of these persons the will applied; but that where one person, and one only, fully and accurately answers the whole description, the court is bound to apply the will to that person." "Such," the learned judge adds, "may be conceded to be a general rule of law and of construction;" and then he proceeds to show that Edward Joseph Weld did not come within the rule, and did not fully and accurately answer the whole description.   But in the case before us the mortgagor is the person, and the only one, who fully and accurately answers the whole description in the patent; and the court is therefore bound to apply it to him.   The court is not at liberty to reject so much of the description in the patent as relates to residence, in order to substitute a person to whom it does not apply.   This point is decisive of the case, and renders it unnecessary to consider any other question.   The patent shows that the title to the land in controversy was in the mortgagor when he executed the mortgage; and that is conclusive in this action.

*By the Court.* — The judgment of the circuit court is affirmed.