BABCOCK, (STATE OF NEW JERSEY v.)
See Case No. 10,163.

---

## Case No. 700.

### BABCOCK v. PETTIBONE.

[12 Blatchf. 354.] [1]

Circuit Court, N. D. New York. Oct. 13, 1874.

PAROL EVIDENCE—EQUITY — RESCISSION OF LAND PATENT—LACHES.

1. In 1845, O. P., of Steuben county, New York, put money into the hands of his son, O. P., of Dodge county, Wisconsin, to locate for him a tract of government land. The son applied the money to the purpose, and a patent for the land was issued in 1848 to "O. P., of

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Dodge county, Wisconsin," and delivered to him. He entered into possession of the land, and, in 1853, executed a mortgage on it. In 1866, O. P., the father, gave a warranty deed of the land to B., who, by direction of the father, paid the purchase money to the son. The son gave possession of the land to B. Afterwards, a foreclosure suit was brought on the mortgage, to which suit B. was made a party. He defended it on the ground that the father, and not the son, owned the land when the mortgage was given, but was defeated in the suit and evicted. He then brought this suit against the father, to recover for a breach of the covenant of warranty: *Held*, that parol evidence was inadmissible to show that the father was intended as the patentee in the patent, and not the son, for the reason that there was no ambiguity in the patent, in the description of the person named in it as the patentee.

[See U. S. v. Thompson, Case No. 16,486.]

[See note at end of case.]

2. The patent, having been delivered to the son, who was the grantee named in it, was valid, until vacated for mistake.

3. On the facts, the father, as against a bona fide holder of the mortgage, was guilty of laches, in taking no steps to have the mistake corrected.

[At law. Action by Norman E. Babcock against Oliver Pettibone for damages for breach of covenant of warranty in a deed. Judgment for plaintiff.]

Laning & Willett, for plaintiff.

Harlow L. Comstock and Irvin W. Near, for defendant.

WALLACE, District Judge. This action is brought to recover damages for breach of covenant of warranty in a deed executed by the defendant to the plaintiff, April 9th, 1866, conveying eighty acres of land in the county of Dodge, state of Wisconsin. Upon receiving the deed, the plaintiff entered into possession, and was thereafter evicted under a writ of assistance issued upon a judgment of foreclosure. The foreclosure was by action, and was upon a mortgage executed by Oliver Pettibone, of Dodge county, Wisconsin, to the La Crosse & Milwaukee Railroad Company, on the 26th of September, 1853. The plaintiff was made a party to this action, and defended upon the ground that the real estate was, in fact, owned by Oliver Pettibone, of the county of Steuben, in the state of New York, instead of Oliver Pettibone, of Dodge county, Wisconsin, at the time the latter executed the mortgage.

It appears, by the evidence, that, in 1845, the defendant, who then resided in Steuben county, N. Y., and has continued to reside there, attempted to locate a lot of eighty acres of land in Dodge county, Wisconsin, and placed funds in the hands of an agent there, to pay the purchase price, but, failing to obtain the particular lot he desired, returned home, and directed his son Oliver, who then resided in Dodge county, to select another lot for him, and apply the money left in the hands of the agent to the payment of the price. The son located the land described in the deed to the plaintiff, applied the

money in the hands of the agent as directed, and thereupon the receiver of the land office issued a certificate acknowledging the receipt of the purchase money from Oliver Pettibone, of Dodge county, Wisconsin territory. This certificate was forwarded to the general land office, and thereupon, on the 10th of May, 1848, a patent was issued by the United States to "Oliver Pettibone, of Dodge county, Wisconsin territory," and delivered to the son. The son entered into possession of, and improved, the land, and, on the 26th of September, 1853, executed the mortgage to the railroad company, under which the plaintiff was evicted. The father learned of the execution of this mortgage about a year after it was executed, reproved the son for having given it, but allowed him to remain in possession until the 'conveyance to the plaintiff, when the father directed the entire purchase money to be paid by the plaintiff to the son. When the action to foreclose the mortgage was commenced, the present plaintiff, by his attorney, wrote to the defendant, notifying him of the pendency of the action, and requesting information for its defence, and thereupon the defendant informed the plaintiff substantially of the facts as they have been stated. The foreclosure action was litigated, and judgment against the defendant therein rendered in the circuit court for Dodge county, which, on appeal, was affirmed by the supreme court of the state, it being held by the supreme court [Barton v. Babcock, 28 Wis. 192][2] that extrinsic evidence was not admissible to show that Oliver Pettibone, of Steuben county, N. Y., was the real grantee, it having been proved in that case, as in this, that the son was the only person of his name in Dodge county, Wisconsin.

It is doubtful if the notice given by the plaintiff to the defendant, of the pendency of the action in Wisconsin for the foreclosure of the mortgage, was of such a character as to estop the defendant from contesting the validity of the incumbrance which the judgment in that action established. The notice did not require the defendant to appear and defend the suit, nor was the defence in any manner tendered to him. Strong analogies favor the position, that, when the covenantor is notified of the pendency of the suit, and, instead of requiring to be allowed to defend, furnishes information for its defence to the covenantee, he waives a formal tender of the defense, but the authorities do not fully sustain it. I shall consider the judgment, therefore, as but presumptive evidence of the facts which it adjudicated, and the whole question determined by it open here.

The high authority of the court which decided one of the controlling questions here, entitles that decision to great consideration, but, disregarding it as authority in this case, I am satisfied that it was a correct exposition of the law, and that parol evidence is in-

---

[2] [See note at end of case.]

admissible to show that Oliver Pettibone, of Steuben county, N. Y., was the person intended as the patentee, instead of Oliver Pettibone, of Dodge county, Wisconsin, who was named as such in the instrument.

It is not to be doubted that the identity of a grantee in a deed is a question of fact, to be established, ordinarily, by evidence dehors the instrument, precisely as the identity of the land conveyed is to be ascertained by such evidence. Neither is it doubtful, that, if the description of the grantee is equally applicable to two or more persons, a question of latent ambiguity arises, which may be determined by parol, precisely as would be the case if the description of the land conveyed was equally applicable to two or more parcels. It does not follow, however, that, if part of the description is unequivocally applicable to one grantee or to one parcel of land, and not to the other, extrinsic evidence will be permitted, to establish the intent of the grantor, and to control, in disregard of the description. On the contrary, the general doctrine is clear, that evidence which, passing by and disregarding the description in the written instrument, seeks to import into it, and engraft upon it, an intention independent of its terms, is not admissible, because it contradicts rather than explains the instrument.

In my view, this case does not present a question of latent ambiguity, in the ordinary acceptation of the term, because a latent ambiguity exists, as tersely stated by Alderson, B., in Smith v. Jeffryes, 15 Mees. & W. 562, "where you show that words apply equally to two different things or subject-matters," and its solution rests, as stated by Abbott, C. J., in Beaumont v. Field, 2 Chit. 275, not on "what was the meaning of the grantor," but on "what was his meaning by the words used." In this case, the words could only apply to Oliver Pettibone, of Dodge county, Wisconsin; and the question is not what was the intention of the grantor when that description was used, but what was meant by the words used. If the words used are clear, unambiguous and determinate, to describe one person or one subject-matter, there can be no latent ambiguity, unless they describe another equally well, and, therefore, there is no room for construction to be sought for in the light of surrounding circumstances.

It is true, that, on the maxim, falsa demonstratio non nocet, an incorrect portion of a description is frequently rejected when sufficient remains in the instrument to indicate with legal certainty the person or subject-matter intended; but this rule is to be followed with caution. It would hardly be contended, that if, by will, a testator devised his farm in the county of Dodge, with no other description, his intention to devise his farm in the county of Steuben could be established by extrinsic evidence, if it appeared that, at the time of making his will,

he had a farm in each county. The test, that there must exist sufficient indication of intention, on the face of the instrument, after the false description is rejected, to justify the application of the evidence, would not exist in such case, because, when the location of the farm is stricken from the description, there remains nothing in the instrument to indicate which farm was intended to be devised. And, in this case, when the description of the patentee's residence is rejected, nothing remains to indicate which Oliver Pettibone was the person intended. To sustain the theory of the defendant, it would result, that a latent ambiguity must first be created by rejecting a portion of the description, so as to make it applicable to two persons, and then be explained by extrinsic evidence, to show which of the two persons was intended, and this when the instrument itself would be destitute of any indication of intent upon its face, to justify the application of the evidence. The description here was not applicable to the defendant, and the case is not within the principle which permits extraneous evidence to be given. Grant v. Grant, 39 Law J. C. P. 140.

If the conclusion thus expressed is erroneous there are other difficulties in the way of the defence. The evidence shows that the patent was delivered to the son, and proof that, as between him and the defendant, the son was not entitled to it, or that, as between them, the son was the agent of the defendant to receive delivery, does not establish the fact that the United States was aware of these facts, or recognized the relation of the parties, or intended the grant to the defendant. The patent was issued and delivered to the son, as the real person entitled to it, under circumstances which justified the United States in treating him as such; and although he was not, in fact, the person entitled to it, as between him and the defendant, the grant to him was not a nullity, but was valid until vacated for mistake, by scire facias, or by proceedings in equity.

With full knowledge of the facts, or of sufficient to put him on inquiry, the defendant lies by from 1854, when he learned that his son had executed a mortgage on the property, without taking proceedings to have the mistake corrected, until the mortgage passed into the hands of a bona fide purchaser. If the defendant, instead of the plaintiff, had defended the foreclosure action, and alleged mistake, and asked to have the patent corrected on that ground, he would have been defeated by his laches and the superior equities of the holder of the mortgage, and the mortgage would have been declared a valid lien. Judgement is, therefore, ordered for the plaintiff.

[NOTE. In the case of Barton v. Babcock, before the supreme court of Wisconsin, referred to in the foregoing opinion. Mr. Justice Cole, speaking for that court, said: "At the time of the entry, Oliver Pettibone, the son, resided in Dodge county, Wisconsin territory, and Oliver Pettibone, the father, resided at Hornellsville, Steuben county, New York. Considerable testimony was introduced on the trial, against the objection of the plaintiffs, tending to show that Oliver Pettibone, the father, entered the land, and owned it when the mortgage was executed. According to our view, this evidence was clearly inadmissible between these parties The record itself showed that the title to this property was in Oliver Pettibone, of Dodge county. Wisconsin. There was but one person of that name living in Dodge county, and so there was no ambiguity in the patent. There was only one person to whom the entire description in the patent applied. There is therefore nothing to be explained, and there is really no room for construction. * * * The court is not at liberty to reject so much of the description in the patent as relates to residence to substitute a person to whom it does not apply. * * * The patent shows that the title to the land in controversy was in the mortgagor when he executed the mortgage, and that is conclusive in this action." Barton v. Babcock, 28 Wis. 192.]